### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SERVICE EMPLOYEES INT'L, INC., *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H–11-01065 |
| | § | |
| DIRECTOR, OFFICE OF WORKERS' | § | |
| COMPENSATION PROGRAMS, UNITED STATES | § | |
| DEPARTMENT OF LABOR, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court is a consolidated appeal of two separate orders of the Benefits Review Board ("BRB") regarding claims for workers' compensation benefits under the Defense Base Act ("DBA"). Dkt. 17. The initial appeal was filed by Service Employees International, Inc. ("SEII") as to the BRB's order affecting Kenneth Simons ("Simons"). Dkt. 1. That appeal has been consolidated with SEII's appeal of the BRB's order in the case of Keith Smith ("Smith"). Dkt. 32. The sole issue before this court is whether the BRB's decisions impermissibly restricted the discretion of the Administrative Law Judge ("ALJ") to determine respondents Simons and Smith's average weekly wage under 33 U.S.C. § 910(c). Dkt. 17 at 7. After considering the briefs in this appeal, records of proceedings before the ALJs and the BRB, and applicable law, the decisions of the BRB are **VACATED**. The court **REMANDS** these cases to the respective Administrative Law Judges for action consistent with this opinion.

## I. Background[1]

Simons has been a truck driver since the early 1990s.  Dkt.1, Ex. A at 3.  Prior to working for SEII, Simons drove trucks hauling wood chips and crude oil on short trips in the Kirbyville, Texas area.  *Id*.  In the year preceding his employment with SEII, Simons drove a tanker trunk hauling crude oil for Taylor Propane and was privileged with generally good health, despite on-the-job injuries to his back and ankle.  *Id*.  In 2003, Simons sought employment as a driver for SEII, a position which provided a salary of about $80,000 to $90,000 per year.  *Id*.  Simons signed an employment contract with SEII on October 23, 2003.  *Id*.  He agreed to work for at least one year and was to receive a salary of $2,700 dollars per month plus a foreign service bonus of 5%, a work area differential bonus of 25%, and a hazard duty pay bonus of 25%.  *Id*.

Simons began working on November 11, 2003 and was assigned to drive trucks hauling flatbeds and containers from Kuwait to various locations in Iraq.  *Id*.  Simons worked for 12-18 hours per day, 7 days a week.  *Id*. at 3-4.  On January 11, 2004, Simons was strapping down a load of tires when his left hand slipped off a ratchet and hit the underside of the truck.  *Id*. at 4.  While Simons continued to work that day, he visited SEII's medic that evening.  *Id*. About a day later, Simons saw a doctor after his ring and pinkie fingers began to swell.  *Id*.  As his condition worsened, Simons was no longer able to work.  *Id*.  SEII sent Simons back to Texas, but he continued to have increased hand pain.  *Id*.  At the time of the ALJ's decision on April 17, 2008, Simons's doctor, Dr. Redko, had not cleared Simons to return to work.  *Id*.

Throughout the administrative proceedings, the employer did not dispute that workers' compensation disability payments were owed, but rather disputed the method by which to calculate

---

[1]Parts I and II-A of this opinion focus on the facts and analysis of SEII'S appeal in the case of Kenneth Simons. The effect of the opinion in Simons's case as it relates to Smith's case will be addressed in Part II-B, *infra*.

the average weekly wage ("AWW") and compensation rate. *Id*. at 6-8. The first order calculating Simons's AWW was issued by ALJ Clement Kennington ("Judge Kennington") on April 17, 2008. Dkt.1, Ex. A.

Judge Kennington's decision was appealed to the BRB, and the BRB issued its decision and order on March 13, 2009. Dkt.1, Ex. B. The BRB vacated Judge Kennington's opinion and remanded the case for a recalculation of Simons's AWW. *Id*. at 7. The BRB set forth the requirement that Simons's AWW be calculated based solely on his overseas earnings, and directed that the final figure should not reflect any earning rate prior to his employment in Iraq. *Id*. at 6-7. The BRB denied SEII's motion for reconsideration on September 25, 2009. Dkt. 1, Ex. C.

Judge Kennington issued his Decision and Order on Remand on May 18, 2010. Dkt.1, Ex. D. Although he disagreed with the BRB's reasoning, Judge Kennington stated that, based on the BRB's decision, he must calculate a claimant's wage based only on overseas earnings when: "(1) a claimant was paid substantially higher wages to work overseas than he would have earned stateside; (2) a claimant's employment overseas entailed dangerous working conditions that claimant would not have been subjected to stateside; and (3) a claimant was hired to work full-time under a one year contract." *Id*. at 7. Judge Kennington ordered, in accordance with the BRB's opinion, that Simons's AWW was $1,739.13, based on his having earned $18,139.16 in seventy-three days of work. *Id*. at 8. Judge Kennington's decision was affirmed by the BRB on January 26, 2011, and SEII appealed the BRB's decision to this court. Dkt. 1.

## II. ANALYSIS

SEII seeks reversal of the BRB's decision in *Simons* on grounds that the BRB improperly restricted Judge Kennington's discretion under 33 U.S.C. § 910(c) to determine an appropriate AWW. Simons argues that Judge Kennington's original decision understated his earning capacity

3

and the BRB properly required Judge Kennington to calculate Simons's AWW based solely on his overseas earnings.  Dkt. 25 at 8.

Smith and the Director of the Office of Workers' Compensation Programs argue that because the facts in Smith's case are analogous to the facts in Simons's case, ALJ Lee Romero's ("Judge Romero") decision on remand correctly calculated Smith's AWW based solely on his overseas wages. Dkt. 43 at 4-5.

**A. Kenneth Simons**

As the BRB's decision in *Simons* case set the precedent for the BRB's later decision in *Smith*, the court will address the *Simons* appeal first.

### 1. The District Court's Appellate Jurisdiction

Because the *Simons* appeal arises out of a Defense Base Act compensation order, the court has appellate jurisdiction over this administrative proceeding.  42 U.S.C. § 1653.  The district court reviews decisions of the BRB utilizing the same standard that the BRB applies to decisions of the ALJ, *i.e.*, "whether the decision is supported by substantial evidence and is in accordance with the law." *SGS Control Servs. v. Dir., Office of Worker's Comp. Programs*, *U.S. Dep't of Labor*, 86 F.3d 438, 440 (5th Cir. 1996) (citing *Empire United Stevedores v. Gatlin*, 936 F.2d 819, 822 (5th Cir. 1991) (citations omitted)).  The court may not substitute its judgment for that of the ALJ, nor can it re-weigh or reappraise the evidence.  *Id.*  The court may only determine whether sufficient evidence exists to support the ALJ's findings.  *Id*. (citations omitted).  The Fifth Circuit has previously defined substantial evidence as "evidence that provides a substantial basis of fact from which the fact in issue can be reasonable inferred...more than a scintilla....more than create a suspicion...such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *New Thoughts Finishing Co. v. Chilton*, 118 F.3d 1028, 1030 (5th Cir. 1997) (quoting

4

*Avondale Indus., Inc. v. Dir., Office of Workers' Comp. Programs,* 977 F.2d 186, 189 (5th Cir. 1992)).  The ALJ's decision need not be the sole inference that can be drawn from the facts.  *Id*.

### 2. The BRB Abused its Discretion in Simons

Simons appealed Judge Kennington's April 17, 2008 decision to the BRB, contending that Judge Kennington erred in calculating Simons's AWW by looking at both his overseas and stateside wages.  Dkt 1, Ex. A.  The BRB issued its opinion on March 13, 2009.  Dkt. 1, Ex. B.  In reversing Judge Kennington's decision, the BRB held that it was bound by the holding of its previous opinion in *Proffitt v. Service Employers International, Inc.*, 40 Ben. Rev. Bd. Serv. (MB)  41 (2006).  Dkt. 1, Ex. B.  In *Proffitt,* a case involving similar underlying circumstances of overseas employment, the ALJ relied solely on the claimant's overseas earnings in calculating the AWW, and the BRB affirmed.  *Proffitt*, 40 Ben. Rev. Bd. Serv. at 42 ("Although Section 10(c) permits the use of wages from the claimant's other prior employment in an average weekly wage calculation, it does not require such use, as the administrative law judge is afforded wide discretion in arriving at a Section 10(c) calculation.").  But in *Simons*, the BRB held that because Simons's injury occurred in similar circumstances to those present in *Proffitt*, the ALJ could not evaluate the claimant's previous earnings and instead *must* rely solely on overseas earnings.  Dkt. 1, Ex. B at 5–7.  In so doing, the BRB ignored its holding in *Proffitt* that the ALJ may, but need not, examine wages from prior employment to arrive at a Section 10(c) AWW calculation, and the BRB essentially deprived the ALJ of the "wide discretion" mandated by the statute.  *Proffitt*, 40 Ben. Rev. Bd. Serv. at 42.  The BRB's reversal of Judge Kennington's decision therefore went beyond the statutory requirement that "[t]he findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole."  33 U.S.C. § 921.

Indeed, there is substantial evidence in this case to support Judge Kennington's original April 17, 2008 decision. Dkt. 1, Ex. A. While the BRB may not agree with the ALJ's factual findings, "the Board does not have the authority to engage in a *de novo* review of the evidence or to substitute its views for those of the ALJ." *Mijangos v. Avondale Shipyards, Inc.*, 948 F.2d 941, 944 (5th Cir. 1991) (citing *Presley v. Tinsley Maint. Serv.*, 529 F.3d 433, 436 (5th Cir. 1976)). Judge Kennington calculated the AWW of Simons by utilizing the method of calculation set forth in 33 U.S.C. § 910(c) which requires that when subsections (a) and (b):

> cannot reasonably and fairly be applied, such average annual earnings [of the employee] shall be such sum as, having regard to the previous earnings of the injured employee in the employment in which he was working at the time of the injury, and of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, or other employment of such employee, including the reasonable value of the services of the employee if engaged in self-employment, shall reasonably represent the annual earning capacity of the injured employee.

This can best be summarized as a requirement that the ALJ consider three factors: "(1) past earnings of the employee in which he was working at the time of injury; (2) the earning history of employees of the same or most similar class working in the same or most similar employment; and (3) the employment history of the injured employee." *Bay, Ltd. v. Dir., Office of Worker's Comp. Programs*, 300 F. App'x 282, 285 (5th Cir. 2008). Judge Kennington's decision and order clearly demonstrates his consideration of these three factors in his calculation. Dkt. 1, Ex. A at 9-10. Judge Kennington notes Simons's salary at the time of injury, the unique circumstances surrounding his employment,[2] and his past employment and salary. *Id.* at 10. Judge Kennington also notes that while Simons may have intended to work in this position for a long period of time, his commitment

---

[2] These unique circumstances include overseas employment, seven-day work weeks, twelve-to-eighteen hour days, use of safety equipment, armed escorts, and the expectation of working more than a year overseas. Dkt. 1, Ex. A at 10.

was only for a year.  *Id*.  After considering all of these factors, Judge Kennington determined that

the best way to calculate Simons's wages was to utilize a blended approach accounting for Simons's

higher wages in Iraq and Kuwait, while accounting for his past earnings in the United States.[3]  *Id*.

According to Judge Kennington, this approach better reflects Simons's true wage earning capacity.

*Id*.  This decision was well within the discretion of ALJ Kennington and is supported by the record

as a whole.  *Mijangos*, 948 F.2D at 945 (holding that the BRB exceeded its power of review when

reversing ALJ's determinations that were amply supported by the record).

### 3. Proffitt *Is Not Controlling*

The BRB interpreted *Proffitt* as controlling in Simons on grounds that:

> [t]he [DBA] must be construed so that employees injured under the same
> circumstances receive equal treatment. To allow two employees who are working
> under the same contract and conditions, and injured at the same time, to receive
> different amounts of compensation because one administrative law judge relied on
> Iraq wages while another reduced claimant's rate by combining lower, stateside
> earnings, would be arbitrary.

Dkt. A, Ex. C at 3.  The BRB provides no statutory, regulatory, or common-law support for this

proposition.  To require all cases with facts similar to those in *Proffitt* to have similar outcomes

would relegate the ALJ to simply playing the role of calculator.  It is within the ALJ's discretion to

determine whether or not the facts of two cases are similar enough to merit similar outcomes, and

Judge Kennington noted these differences in his May 18, 2010 decision and order on remand.[4] Dkt.

---

[3] The specific calculation was as follows, "Simons worked for Employer [SEII] a total of 61 days from November 11, 2003 to January 11, 2004 earning $21,114.51 or $289.24 per day.  From January 11, 2003 to November 11, 2004 [sic] claimant worked 304 days and made $32,901.92.  In the 52 week period prior to injury, Simons earned a total of $50,545.56 ($32,901.92 + 21,648.02) divided by 52 weeks equals an AWW of $972.03 with a corresponding compensation rate of $648.02."  Dkt.1, Ex. A at 7.

[4] These differences include that Simons was employed in the same type of work as he was previously employed, was injured in manner that could have occurred stateside, and his work overseas did not provide him with new skills that might be used to increase his salary once he returned home.  Dkt. 1, Ex. D at 8.  Proffitt was working in a different field than he had worked stateside, he had learned new skills that would increase his salary stateside, and was injured running from a mortar attack, an event that would not have occurred had he been working in the United States.  *Id*.

7

1, Ex. D at 8-9.  The BRB's order prevented Judge Kennington from considering these facts, and required that he calculate Simons's AWW solely based on his overseas wages.  This decision stripped the ALJ of the "wide discretion" in determining AWW pursuant to Section 10(c) of the Act, as set forth in the express language of the statute.

## B. Keith Smith

The BRB's decision and ALJ's calculation on remand regarding Smith's case was controlled by the BRB's decision in *Simons*.  Dkt. 41, Ex. A (ALJ Decision on Remand, Dec 28, 2010) at 7. Because today's opinion vacates the BRB's decision in *Simons*, the decisions in Smith's case must also be vacated and remanded to the ALJ for further consideration.

### 1. Factual and Procedural History

Smith was employed by SEII as a truck driver in Kuwait and Iraq and sustained a lower back injury while working on November 18, 2003, 47 days after his employment began.  Dkt. 41, Ex. A (ALJ Decision and Order, July 16, 2007) at 4.  Smith injured his back while riding across rough terrain in the desert when he struck his head against the roof of the cab of the vehicle.  *Id*.  He had to be assisted out of his truck and brought to a military hospital for medical care.  *Id*.

After Smith sought workers' compensation benefits under the DBA, a dispute arose regarding the calculation of his AWW.  *Id.* at 1.  Similar to Judge Kennington's initial calculation in *Simons*, Judge Romero originally calculated Smith's AWW to be $818.22, based upon a blend of his overseas and domestic earnings.  *Id.* at 9–11.  Smith did not initially appeal this decision.  Dkt. 41, Ex. A (BRB Order, Mar. 25, 2010) at 2.  Smith only asserted that Judge Romero had committed a mistake in fact in the calculation of his AWW once the BRB issued its decision in *Simons* and petitioned the ALJ for a modification of his AWW.  *Id*.  Judge Romero granted employer's motion for summary decision and denied Smith's petition for modification.  *Id*.

8

On March 25, 2010, the BRB, on appeal, ordered Judge Romero to reconsider his calculation of Smith's AWW in light of its decision in *Simons*. *Id.* at 2-3. Additionally, in its order, the BRB required the ALJ to re-calculate the AWW based solely on Smith's earnings in Iraq. *Id*. On December 28, 2010, Judge Romero recalculated Smith's AWW based on the BRB's order, and calculated the AWW to be $1986.66, based solely on Smith's overseas earning rate. Dkt. 41, Ex. A (ALJ Decision and Order, July 16, 2007) at 7-9.

### 2. Smith's Case Must Be Remanded

Both the BRB's decision on appeal and the ALJ's recalculation make significant reference to the BRB's previous decision in *Simons*. Furthermore, in respondents reply brief, the respondent notes, "[a]fter comparing overseas employment to his domestic work, the ALJ correctly concluded, **consistent with *Simons***, that Smith's AWW must be based solely on his overseas earnings to accurately reflect his annual earnings capacity at the time of injury." Dkt. 43 at 8-9 (emphasis added). Absent the BRB's decision in the now-vacated *Simons* decision, Smith likely would not have moved for reconsideration. Additionally, Smith did not initially appeal the ALJ's AWW calculation until the BRB issued its decision in *Simons*. Dkt. 41, Ex. A (BRB Order, Mar. 25, 2010) at 2. In light of the fact that all previous decisions related to the *Simons* case have been vacated, all previous decisions in *Smith* must be vacated, and the case will be remanded to the ALJ for further proceedings consistent with this opinion.[5]

---

[5] Because of the court's disposition, this opinion does not address whether the ALJ correctly calculated Smith's AWW on remand.

9

### III. Conclusion

In light of the BRB's abuse of discretion in overturning Judge Kennington's decision that was supported by substantial evidence, all prior decisions in Kenneth Simons's case are **VACATED** and his case is **REMANDED** to the ALJ for further proceedings consistent with this opinion. Furthermore, because the BRB's decision in Keith Smith's case followed the BRB's erroneous holding in *Simons*, all prior decisions in Smith's case are **VACATED** and his case is **REMANDED** to the ALJ for further proceedings consistent with this opinion.

It is so **ORDERED**.

Signed at Houston, Texas on March 11, 2013.

_____
Gray H. Miller
United States District Judge